FRANC R. WINSLOW *v.* HENRY E. WINSLOW.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 21, 1902.     DECIDED DECEMBER 1, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Publication of summons in divorce cases when the libellee cannot be found may be made in certain classes of newspapers under Civ. L., Sec. 1153, notwithstanding the provision in an earlier statute (Civ. L., Sec. 1933) that such publication should be in certain named newspapers which no longer exist under such names.

OPINION OF THE COURT BY FREAR, C.J.

This is an exception to a refusal to order publication of summons in a divorce case after a return that the defendant could not be found. The grounds of the refusal were that the statute (Sec. 4, Ch. XVI, Laws of 1870; Civ. L., Sec. 1933) provided that in such cases the publication should be in the "Government Gazette and Ke Au Okoa," papers no longer published under such means, and that the statute should be strictly followed. The Circuit Judge at first ordered publication in the "Evening Bulletin" but afterwards revoked the order. An application was then made for an order of publication in the "Hawaiian Gazette" and "Kuokoa," and it was to the refusal to make that order that the exception was taken.

It is contended, among other things, that the "Hawaiian Gazette" and the "Kuokoa" are the successors of the papers mentioned in the statute and so are really the ones intended by the legislature, and also that the statute should be construed liberally and that therefore publication in any appropriate papers would be sufficient on the theory that publicity was the main object.

Whether these contentions are sound or not, need not be

decided, for the statute clearly authorizes service of summons by publication and, if it is ineffective at all, it is only because the particular newspapers named are no longer published, but this, if it is a defect, is remedied by another and later statute, which must be held to amend the statute in question in so far as the newspapers in which the publication may be made are concerned.

This later statute is Chapter XXXVI of the laws of 1892. It provides in substance in Section 1 (Civ. L., Sec. 1153) that whenever it shall be necessary to make any advertisement of any judicial proceeding, the party or his attorney, at whose instance the proceedings are brought, shall have the privilege of naming the newspaper or newspapers in which the advertisement shall be published, and that it shall be the duty of the clerk and judge to have the advertisement published in such newspapers, provided such papers are published in the appropriate languages and shall have been shown to and declared by the Supreme Court to be newspapers of general circulation. Section 2 repeals all conflicting laws. This statute applies here. The libellant's attorney named the papers in question. Those papers are in the appropriate languages and they have been shown to and declared by the Supreme Court to be newspapers of general circulation.

The exception is sustained, the ruling excepted to set aside and the case remitted to the Circuit Court for such further proceedings as may be proper consistently with the foregoing opinion.

*W. R. Castle* and *P. L. Weaver* for the libellant.

*T. McCants Stewart*, counsel in another similar case, by permission also argued in support of the exceptions.

No appearance contra.